UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| *In re:* APPLICATION OF ) <br> HULLEY ENTERPRISES LTD., ) <br> YUKOS UNIVERSAL LTD., and ) <br> VETERAN PETROLEUM LTD., FOR AN ) <br> ORDER PURSUANT TO 28 U.S.C. § 1782 ) <br> TO CONDUCT DISCOVERY FOR USE IN A ) <br> FOREIGN PROCEEDING ) | Misc. Action No. _____ |

*EX PARTE* APPLICATION BY HULLEY ENTERPRISES LTD., YUKOS UNIVERSAL LTD., AND VETERAN PETROLEUM LTD. FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING AND STATEMENT IN SUPPORT THEREOF

Petitioners Hulley Enterprises Ltd., Yukos Universal Ltd., and Veteran Petroleum Ltd. (collectively "Petitioners") make this *ex parte* application pursuant to 28 U.S.C. § 1782 and Federal Rules of Civil Procedure 26, 30, and 45. Petitioners respectfully apply to this Court for an order in the form attached hereto authorizing them to obtain certain limited discovery for use in a Dutch civil court proceeding brought by the Russian Federation to set aside an arbitration award. In support of their application, Petitioners submit a Memorandum of Law and attach the Declarations of Steven Shepard (Exhibit A), Marnix Leijten (Exhibit B), David Godfrey (Exhibit C), Michael Cotlick (Exhibit D), and Ilia Rachkov (Exhibit E), and further state as follows:

1. Petitioners seek the assistance of the Court to obtain discovery from White & Case, LLP ("White & Case"), and from Hugh Verrier, the Chairman of White & Case and a Partner in its New York office (collectively, "White & Case"). The narrowly tailored requests are set forth in the proposed subpoenas attached as Exhibits 2-4 to the Shepard Declaration.

1

2. Petitioners' subpoenas seek evidence for use in connection with *Veteran Petroleum Limited, Yukos Universal Limited, Hulley Enterprises Limited v. The Russian Federation*, Case No. 200.197.079/01, an ongoing litigation currently pending in the Court of Appeal of The Hague (the "Dutch Appellate Proceeding"). This litigation is an attempt by the Russian Federation to set aside a $50 billion award.

3. In 2003, the Russian Federation began a systematic, unlawful, and ultimately successful campaign to destroy OAO Yukos Oil Company ("Yukos"), which was then one of the largest oil-and-gas companies in Russia and in the world. At that time, the three Petitioners together owned approximately 70% of Yukos shares. An Arbitral Tribunal sitting in The Hague unanimously found that the Russian Federation's actions had violated the Energy Charter Treaty. The Tribunal awarded Petitioners damages in excess of $50 billion.

4. Petitioners' application seeks documents and deposition testimony that Petitioners may use in order to refute an argument raised by the Russian Federation in the Dutch Appellate Proceeding, in support of its attempt to set aside the arbitral award. In its appellate response brief, the Russian Federation has alleged that Petitioners have "unclean hands" because of the manner in which Yukos was privatized in 1995/1996 and in which they acquired their investment in Yukos. Petitioners deny the "unclean hands" allegations in the strongest terms.

5. Petitioners expect the evidence obtained in the discovery requested herein will refute the Russian Federation's "unclean hands" allegations. In particular, Petitioners seek evidence that White & Case conducted a due diligence review of Yukos' privatization (the "Yukos Shares Due Diligence Project"). White & Case at the time was outside counsel to Yukos. Therefore, White & Case had unique access to the relevant documents showing that the Yukos privatization, related transactions, and subsequent transfers of shares, were lawful. Mr.

Hugh Verrier—now Chairman of White & Case, and then the managing partner of the firm's Moscow office—oversaw the Yukos Shares Due Diligence Project.

6. Petitioners seek leave to serve targeted subpoenas to take the depositions of Mr. Verrier and (under Rule 30(b)(6)) of White & Case relating to matters relevant to refuting the "unclean hands" allegations. Petitioners also seek leave to serve a subpoena on White & Case seeking the production of relevant documents. This discovery will assist Petitioners to refute the "unclean hands" allegations that are now part of the record before the Dutch Appellate Court.

7. 28 U.S.C. § 1782 permits interested parties in foreign proceedings to obtain discovery in the United States to assist in those proceedings. Section 1782(a) states, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a).

8. The requirements of Section 1782 are satisfied here. As explained further in the attached Memorandum of Law: (1) Respondents "reside" or are "found" in this District; (2) the discovery sought by Applicant is "for use in a proceeding" before a "foreign . . . tribunal"; and (3) Petitioners are "interested person[s]" in that proceeding. *See Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012) (listing these as the three statutory "requirements").

9. Additionally, all of the discretionary factors a court may consider when evaluating a Section 1782 request weigh in favor of Petitioners' application. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004). Respondents are not parties to (or counsel in) the pending Dutch Appellate Proceedings. Petitioners' request is consistent with the Dutch laws of evidence and procedure, as described more fully in the Leijten Declaration, which is submitted by Petitioners' lead Dutch counsel. Finally, the discovery sought is relevant to refuting the "unclean hands" allegations raised by the Russian Federation in the foreign proceedings, and is neither unduly burdensome nor intrusive. Though White & Case may be required to conduct a privilege review, the subpoenas have been narrowly tailored at non-privileged materials and any burden associated with this review is reasonable given the relevance of the discovery sought. *See* Memorandum, at 20-36.

10. It is proper for this application to be filed *ex parte*. Section 1782 applications are typically received and granted *ex parte*, with any privilege or burden issues later raised and resolved, if necessary, through a motion to quash made after a subpoena has been authorized and issued. *See Gushlak v. Gushlak,* 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.").

11. For the foregoing reasons, and for the reasons set forth in the attached Memorandum of Law and Declarations, Petitioners respectfully request that the Court enter an order in the form attached hereto, and grant Petitioners leave to conduct the requested discovery in accordance with the proposed subpoenas attached as Exhibits 2 through 4 to the Shepard Declaration.

WHEREFORE, Petitioners respectfully request that this Court grant the application.

Dated:  September 17, 2018

                Respectfully submitted,

                /s/ Steven M. Shepard_____
                Jacob Buchdahl (SDNY 2903383)
                Steven M. Shepard (SDNY 5291232)
                Susman Godfrey LLP
                1301 Ave. of the Americas Floor 32
                (212) 336-8330
                jbuchdahl@susmangodfrey.om
                sshepard@susmangodfrey.com

                *Counsel for Petitioners*